# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. 6:14-cv 1789-18DAB

CORE CONSTRUCTION SERVICES
SOUTHEAST, INC., d/b/a CORE
CONSTRUCTION, a Florida Corporation,

    *Plaintiff,*

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY and
PENNSYLVANIA LUMBERMENS
MUTUAL INSURANCE COMPANY,

    *Defendants.*

_____/

## COMPLAINT

Core Construction Services Southeast, Inc., d/b/a Core Construction sues Crum & Forster Specialty Insurance Company and Pennsylvania Lumbermens Mutual Insurance Company, and alleges:

### NATURE OF THE ACTION

1. This action for breach of contract and declaratory relief arises out of Crum & Forster Specialty Insurance Company and Pennsylvania Lumbermens Mutual Insurance Company's respective failures to defend and indemnify Core with respect to an underlying construction defect claim.

### JURISDICTION AND PARTIES

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, based upon the complete diversity of citizenship of the respective parties, and the Federal Declaratory

Judgment Act, 28 U.S.C. §2201, for the purpose of determining the questions and actual and present controversy existing between the parties.

3. The amount in controversy exceeds the sum of $75,000, exclusive of attorney's fees and costs.

4. Venue is proper in the Middle District of Florida because all claims and causes of action accrued in this District.

5. Core is a Florida corporation, with its principal place of business in Sarasota, Florida.

6. Crum & Forster is a foreign corporation, incorporated in the State of Arizona, with its principal place of business in Morristown, New Jersey. Upon information and belief, Crum & Forster is licensed to engage in and actively engages in the business of selling insurance in the State of Florida.

7. Pennsylvania Lumbermens Mutual Insurance Company is a foreign corporation, incorporated in the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Pennsylvania Lumbermens is licensed to engage in and actively engages in the business of selling insurance in the State of Florida.

**GENERAL ALLEGATIONS**

8. Core was the general contractor involved in the construction of the Artisan Club Condominium Community, located in Osceola County, Florida (the "Project").

9. Core entered into a contract with Dunn Lumber & Overhead Door Co. ("Dunn"), whereby it retained Dunn as a subcontractor to furnish labor, services and materials with regard to the Project.

10. On or around September 18, 2008, Core received notice of property damage(s) resulting from certain alleged construction defects that implicated Dunn's work on the Project.

11. <u>The Underlying Lawsuit:</u> On or around October 13, 2009, the Artisan Park Club Condominium Association (the "Association") filed a lawsuit against Core and other parties related to the construction of the Project, styled *Artisan Club Condominium Association, Inc. v. The St. Joe Company et al.*, Case Number 09 CA 108040C, in the Circuit Court of the Ninth Judicial Circuit of Osceola County, Florida (the "Underlying Action"). *See* Complaint in Underlying Action, attached hereto as Exhibit A.

12. In the Underlying Action, the Association alleged that as a direct result of the failures on the part of the defendants named therein (including Core), the Association and its members suffered and continue to suffer damages proximately caused by defects and deficiencies in the design and construction of the Project, including, but not limited to: architectural defects, structural defects, fire-safety defects, waterproofing defects, defects in civil drainage and landscaping defects; defects in the foundation systems, framing systems, plumbing and HVAC systems, roofing systems, and cladding systems; defects in windows and exterior doors, masonry, rebar and grout structural components, exterior concrete flatworks, decks, walkways, flooring systems, drywall assemblies and truss systems; and the materials and workmanship incident to same. *Id.* at ¶28. The Association seeks judgment against Core for "damages including but not limited to those pursuant to Fla. Stat. §553.84, the cost of repairing the building code violations, the resulting damages from the building code violations, and the incidental and consequential damages caused thereby." *Id*. at page 8.

13. Upon information and belief, the Association has asserted total repair costs and resulting damages in excess of $22,000,000.

3

14. <u>The Crum & Forster Policy:</u> Pursuant to Core's contract with Dunn, Core was made an additional insured under the commercial general liability policy issued by Crum & Forster, bearing policy number GLO 091225 (the "Crum & Forster Policy"). *See* Certificates of Liability Insurance, attached hereto as Composite Exhibit B.

15. The Crum & Forster Policy was in effect for the policy period July 1, 2006 through November 1, 2007, with limits of $1 million per occurrence, $1 million general aggregate and a $2 million products/completed operations aggregate.

16. The construction defects and resulting damages alleged in the Underlying Action constitute an occurrence as that term is defined in the Crum & Forster Policy.

17. The damages alleged in the Underlying Action constitute property damage as that term is defined in the Crum & Forster Policy.

18. On June 4, 2009, Core timely and properly tendered the Association's claim to Dunn, demanding a defense and indemnification for same pursuant to the terms of the Subcontract and the Crum & Forster Policy.

19. Crum & Forster assigned number CG29434 to the claim.

20. On or around March 26, 2010, Core timely and properly tendered the Underlying Action to Crum & Forster for a defense and indemnification pursuant to the terms of the Subcontract and the Crum & Forster Policy.

21. On or around August 2, 2010, Crum & Forster denied coverage for the claims made against Core in the Underlying Action.

22. Crum & Forster did not tender a defense or indemnify Core pursuant to the terms of the Subcontract and the Crum & Forster Policy.

23. <u>The Pennsylvania Lumbermens Policies</u>: Pursuant to Core's contract with Dunn, Core was made an additional insured under the commercial general liability policies issued by Pennsylvania Lumbermens (collectively, the "Pennsylvania Lumbermens Policies").

24. The Pennsylvania Lumbermens policy bearing number 09D0430104 was in effect from July 1, 2004 through July 1, 2005, with limits of $1 million per occurrence, $2 million general aggregate and a $2 million products/completed operations aggregate. *See* Certificate of Liability Insurance, attached hereto as Composite Exhibit C.

25. The Pennsylvania Lumbermens policy bearing number 09D0430105 was in effect from July 1, 2005 through July 1, 2006, with limits of $1 million per occurrence, $2 million general aggregate and a $2 million products/completed operations aggregate. *See* Certificate of Liability Insurance, attached hereto as Composite Exhibit C.

26. The Pennsylvania Lumbermens policy bearing number 09D0430106 was in effect from July 1, 2006 through July 1, 2007, with limits of $1 million per occurrence, $2 million general aggregate and a $2 million products/completed operations aggregate. *See* Certificate of Liability Insurance, attached hereto as Composite Exhibit C.

27. The construction defects and resulting damages alleged in the Underlying Action constitute an occurrence as that term is defined in the Pennsylvania Lumbermens Policies.

28. The damages alleged in the Underlying Action constitute property damage as that term is defined in the Pennsylvania Lumbermens Policies.

29. On June 4, 2009, Core timely and properly tendered the Association's claim to Dunn, demanding a defense and indemnification for same pursuant to the terms of the Subcontract and the Pennsylvania Lumbermens Policies.

30. Pennsylvania Lumbermens assigned number 950477-07 to the claim.

31.     On or around June 18, 2009, Pennsylvania Lumbermens denied coverage for the claim.

32.     Pennsylvania Lumbermens did not tender a defense or indemnify Core pursuant to the terms of the Subcontract and the Pennsylvania Lumbermens Policies.

33.     <u>Crum & Forster and Pennsylvania Lumbermens' Duty to Defend and Indemnify Core</u>: The Crum & Forster Policy and the Pennsylvania Lumbermens Policies (collectively, the "Dunn Policies") at issue were in full force and effect at all material times.

34.     All premiums due under the Dunn Policies were timely and properly paid.

35.     Pursuant to the Dunn Policies, Crum & Forster and Pennsylvania Lumbermens are both obligated to defend and indemnify Core with respect to the Underlying Action, which remains ongoing.

36.     As a result of Crum & Forster and Pennsylvania Lumbermens' improper refusal to defend and indemnify Core in the Underlying Action, Core was compelled to incur and did incur fees and costs related to the defense of the Underlying Action that are in excess of $144,000.00 and which should have been paid or reimbursed by Crum & Forster and/or Pennsylvania Lumbermens.

37.     Crum & Forster and Pennsylvania Lumbermens have both refused to reimburse Core for the unpaid portion of the fees and costs related to the defense of the Underlying Action.

38.     All conditions precedent to the bringing of this action have either occurred, been performed, or been waived.

## COUNT I
## BREACH OF CONTRACT: CRUM & FORSTER

39.     Core Construction re-asserts the allegations in Paragraphs 1 through 38.

40. <u>Contract</u>: The Crum & Forster Policy is a valid and enforceable contract under Florida law.

41. The Crum & Forster Policy provides commercial general liability insurance to Core as an additional insured under the Policy, on a primary and non-contributory basis. The coverage is therefore primary and not excess to other available coverage.

42. The damages claimed in the Underlying Action are covered damages under the terms of the Crum & Forster Policy.

43. Under the Crum & Forster Policy, Crum & Forster has a duty to defend and indemnify Core in the Underlying Action.

44. No exclusions or conditions in the Crum & Forster Policy apply to bar coverage for the claims alleged against Core in the Underlying Action.

45. <u>Breach</u>: Crum & Forster has breached the Policy by failing to properly defend and indemnify Core in the Underlying Action as an additional insured on a primary and non-contributory basis.

46. <u>Damages</u>: As a result of Crum & Forster's breach of the Crum & Forster Policy, Core has suffered damages, including unpaid defense costs and fees related to the Underlying Action, was compelled to retain the undersigned counsel, and is obligated to pay the undersigned reasonable attorneys' fees for its services.

WHEREFORE, Core demands judgment against Crum & Forster Specialty Insurance Company for all proceeds due under the Crum & Forster Policy, including all reimbursable defense costs and fees related to the Underlying Action; pre- and post-judgment interest; attorney's fees and costs pursuant to Fla. Stat. §627.428; and any further relief that this Court deems equitable, just and proper.

**COUNT II**
**BREACH OF CONTRACT: PENNSYLVANIA LUMBERMENS**
**MUTUAL INSURANCE COMPANY**

47.     Core Construction re-asserts the allegations in Paragraphs 1 through 38.

48.     Contract: The Pennsylvania Lumbermens Policies are valid and enforceable contracts under Florida law.

49.     The Pennsylvania Lumbermens Policies provide commercial general liability insurance to Core as an additional insured, on a primary and non-contributory basis. The coverage is therefore primary and not excess to other available coverage.

50.     The damages claimed in the Underlying Action are covered damages under the terms of the Pennsylvania Lumbermens Policies.

51.     Under the Pennsylvania Lumbermens Policies, Pennsylvania Lumbermens has a duty to defend and indemnify Core in the Underlying Action.

52.     No exclusions or conditions in the Pennsylvania Lumbermens Policies apply to bar coverage for the claims alleged against Core in the Underlying Action.

53.     Breach: Pennsylvania Lumbermens has breached the Policies by failing to defend and indemnify Core in the Underlying Action as an additional insured on a primary and non-contributory basis.

54.     Damages: As a result of Pennsylvania Lumbermens' breach of the Pennsylvania Lumbermens Policies, Core has suffered damages, including unpaid defense costs and fees related to the Underlying Action, was compelled to retain the undersigned counsel, and is obligated to pay the undersigned reasonable attorneys' fees for its services.

WHEREFORE, Core demands judgment against Pennsylvania Lumbermens Mutual Insurance Company for all proceeds due under the Pennsylvania Lumbermens Policies, including

all unpaid defense costs and fees related to the Underlying Action; pre- and post-judgment interest; attorney's fees and costs pursuant to Fla. Stat. §627.428; and any further relief that this Court deems equitable, just and proper.

### COUNT III – DECLARATORY RELIEF
### DUNN POLICIES

55. Core Construction re-asserts the allegations contained in Paragraphs 1 through 38.

56. Each of the Dunn Policies provide that Core is entitled to additional insured coverage on a primary and non-contributory basis if that requirement exists in the subcontract between Core and Dunn.

57. The subcontract between Core and Dunn requires that Core be made an additional insured under the Dunn Policies on a "primary and non-contributory basis."

58. The Underlying Action presents a covered occurrence to which the insurance provided under the Dunn Policies applies.

59. Crum & Forster and Pennsylvania Lumbermens have asserted that they have no duty to provide additional insured coverage to Core on a primary and non-contributory basis with respect to their respective Policies.

60. Accordingly, there is a bona fide dispute between the parties and an actual, present and practical need for a declaration, as Core is in doubt as to its rights and the insurers' obligations under the Dunn Policies.

61. Core seeks a declaration regarding the following:

   a. Whether Core is an additional insured under each of the Dunn Policies on a primary and non-contributory basis; and

   b. Whether the Underlying Action presents a covered occurrence to which the insurance provided under each of the Dunn Policies applies.

WHEREFORE, Core respectfully requests that this Court enter a judgment declaring Core's rights and Crum & Forster and Pennsylvania Lumbermens' obligations under the subject Dunn Policies, specifically finding: (a) that Core is an additional insured under each of the Dunn Policies on a primary and non-contributory basis; and (b) that the Underlying Action presents a covered occurrence to which the insurance provided under the Dunn Policies applies; and awarding all proceeds due under the Dunn Policies to Core (including all reimbursable defense costs and fees related to the Underlying Action; pre- and post-judgment interest; attorney's fees and costs pursuant to Fla. Stat. §627.428); and any further relief that this Court deems equitable, just and proper.

## DEMAND FOR TRIAL BY JURY

Core Construction demands a trial by jury on all issues so triable.

Dated: October 30, 2014.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL  33131
(305) 577-3996
(305) 577 3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Rochelle N. Wimbush**
Florida Bar No. 74200
rwimbush@vpl-law.com
**Claudia Medina**
Florida Bar No. 100311
cmedina@vpl-law.com