# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORE CONSTRUCTION SERVICES SOUTHEAST, INC.,**

      **Plaintiff,**

**v.**                                       **Case No:   6:14-cv-1789-Orl-31KRS**

**CRUM & FORSTER SPECIALTY INSURANCE COMPANY and PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY,**

      **Defendants.**

## ORDER

This matter is before the Court on Defendant Pennsylvania Lumbermens Mutual Insurance Company's ("Lumbermens") Motion to Dismiss, Abate, or Continue Case (Doc. 41) and Core Construction Services Southeast, Inc.'s ("Core") Response in Opposition (Doc. 53).

### I.     Background

The case is a simple matter alleging breaches of commercial general liability ("CGL") policies and seeking a declaration as to whether the insurers must defend and indemnify the Plaintiff under the terms of the contracts. This coverage dispute arises out the development of a condominium and the subsequent construction defect litigation. Core, the primary contractor, required its various subcontractors to name it as an alternate insured on their CGL policies. Core is now seeking coverage on those policies for the underlying construction defect litigation. Lumbermens argues that this matter is not yet ripe for adjudication because the underlying litigation has not yet concluded.

**II.     Standard**

"The issue of ripeness is properly raised on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because ripeness pertains to the federal court's subject matter jurisdiction." *In re Pitts*, 432 B.R. 866, 868 (Bankr. M.D. Fla.2010) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.2010)); *see also Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006) (holding that the district court was correct in dismissing the plaintiffs' claims on ripeness grounds under 12(b)(1)). A case is ripe for adjudication when the "question presented is 'fit for judicial review,' such that the controversy is entirely or substantially a question of law" and is not speculative or contingent upon facts that have not yet materialized. S*haunnessey v. Monteris Med., Inc.*, 554 F.Supp.2d 1321, 1327–28 (M.D.Fla.2008). "Decisions on ripeness are fact sensitive." *New Life Outreach Ministry Inc. v. Polk Cnty.*, No. 8:06–CV–1547–T–27MAP, 2007 WL 2330854, at *2 (M.D.Fla. Aug.14, 2007) (quoting *Strickland v. Alderman*, 74 F.3d 260, 266 (11th Cir.1996)). Therefore, the court may look outside of the pleadings and attached exhibits to the factual circumstances when determining whether the court has jurisdiction. *See Strickland*, 74 F.3d at 266 (analyzing facts outside of the complaint to determine whether the case was ripe). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 922 (11th Cir.2013). Courts must determine whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit the court to render a decision. *Id.*

**III.    Analysis**

Lumbermans argument that this entire case is not ripe is plainly without merit. An insurer's duty to defend and to indemnify are separate duties—the duty to defend arises out of allegations in

the underlying complaint and the terms of the policy. *See Chestnut Assocs., Inc. v. Assurance Co. of Am.*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014) (discussing the "eight corners rule" for establishing duty to defend based on the complaint and insurance policy). While the duty to indemnify is not ripe prior to the adjudication of an underlying action, the duty to defend typically is. If this matter were to be dismissed or abated on the grounds that the underlying litigation was not complete, that precedent would set a rule harmful not only to insured persons, but also to insurers. *See Colony Ins. Co. v. Montecito Renaissance, Inc.*, No. 8:09-CV-1469-T-30MAP, 2011 WL 4529948, at *14 (M.D. Fla. Sept. 30, 2011) ("[C]ourts should decide an insurer's duty to defend before the resolution of the underlying case as it is 'irreparable injury' for an insurer to defend a case when no duty to defend exists.").

Since the Defendant's duty to defend is clearly ripe for determination, Defendant's Motion is without merit. In addition, there is no good cause to abate this action or extend the current deadlines.

Accordingly, it is

**ORDERED**, that the Defendant's Motion to Dismiss or Abate (Doc. 41) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 25, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party