**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:14-cv-1789-GAP-KRS**

CORE CONSTRUCTION SERVICES
SOUTHEAST, INC., d/b/a CORE
CONSTRUCTION, a Florida Corporation,

    *Plaintiff,*

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,

    *Defendant.*
_____/

**JOINT FINAL PRETRIAL STATEMENT**

Core Construction Services Southeast, Inc., d/b/a Core Construction ("Core") and Crum & Forster Specialty Insurance Company ("Crum & Forster Specialty"), pursuant to the Case Management and Scheduling Order [D.E. 28], submit their Joint Final Pretrial Statement, as follows:

    **1.    The basis of federal jurisdiction.**

This Court has jurisdiction pursuant to 28 U.S.C. §1332, as the parties are diverse and the matter in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

    **2.    A concise statement of the nature of the action.**

This action arises from an insurance coverage dispute between Crum & Forster Specialty and Core. Core has alleged that Crum & Forster Specialty breached a commercial general liability policy it issued to The Dunn Corporation by denying coverage and refusing to defend Core as an additional insured in an underlying construction defect action styled, Artisan Club Condominium

Association, Inc. v. The St. Joe Company, et al., Case No. 09-CA-108040C, in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida ("underlying action"). Crum & Forster Specialty denies Core's allegations and maintains that there is no coverage for Core under the policy.

**3.     A brief, general statement of each party's case.**

**Plaintiff:**

Core filed the instant breach of contract action following Crum & Forster Specialty's denial of coverage and refusal to defend Core in the underlying construction defect action. Core is entitled to a defense under the Policy because the Policy expressly provides that Core shall be included as an additional insured under the Policy if the written contract or agreement between Core and Dunn requires such status. The Subcontract between Core and Dunn requires that Core be made an additional insured under the commercial general liability policy issued by Crum & Forster to Dunn on a "primary and non-contributory basis." Under Florida law, Crum & Forster's refusal to provide Core with the defense due under its Policy constitutes a breach of the Policy, thereby entitling Core to all consequential damages stemming from the breach.

**Defendant:**

Crum & Forster Specialty denies all of Core's allegations of liability and damages. Crum & Forster Specialty submits that it properly disclaimed coverage to Core. As a threshold matter, Crum & Forster Specialty denies that the policy expressly provides that Core is an additional insured. Any additional insured status afforded Core would be as a result of the subcontract between Core and an insured under the Policy. The subcontract between Core and Dunn Lumber & Overhead Door Co. did not require Dunn Lumber & Overhead Door Co. to provide additional

insured coverage for the benefit of Core in connection with the Project as set forth in the addendum included in the subcontract.

Further, notwithstanding the fact that the subcontract does not require additional insured coverage to be provided to Core, Core does not qualify as an additional insured under the policy in any event. The policy affords additional insured coverage, as required by a written contract or agreement, for liability arising out of a named insured's work or operations. However, Core's contract with Dunn Lumber & Overhead Door Co. cannot qualify Core as an additional insured because Dunn Lumber & Overhead Door Co. is not a named insured under the policy.

Finally, even if Core qualified as an additional insured, which Crum & Forster Specialty denies, Crum & Forster Specialty's obligation to defend an insured exists only after the policy's $250,000 self-insured retention has been exhausted through the payment of damages or "Claims expense." The policy's self-insured retention amount has not been satisfied. Core is therefore not entitled to a defense under the policy, and Crum & Forster Specialty has not breached the policy.

**4. A list of all exhibits and Rule 5.04 exhibit substitutes to be offered at trail with notation of all objections hereto.**

Plaintiff's Exhibit List with objections is attached as Exhibit A. Defendant's Exhibit List with objections is attached as Exhibit B.

**5. A list of all witnesses who may be called at trial.**

Plaintiff's Witness List is attached as Exhibit C. Defendant's Witness List is attached as Exhibit D.

**6. A list of all expert witnesses including, as to each witness, a statement of the subject matter and a summary of the substance of his or her testimony.**

None.

**7. In cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought with respect to each such element.**

Core contends that Crum & Forster Specialty owes it $100,643.76 in underlying defense and litigation fees, in addition to the attorney's fees and costs incurred in relation to the instant action, as consequential damages stemming from Crum & Forster Specialty's claimed breach of the subject insurance policy and pursuant to Fla. Stat. §627.428. Crum & Forster Specialty denies that it owes any monies to Core.

**8. A list of all depositions to be offered in evidence at trial (as distinguished from possible use for impeachment), including a designation of the pages and lines to be offered from each deposition.**

Defendant's deposition designations are attached as Exhibit E. Plaintiff's objections and counter-designations are attached as Exhibit F. The parties have agreed that Crum & Forster Specialty may provide its objections to Core's counter-designations by November 20, 2015.

**9. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions.**

1. Core was the general contractor involved in the construction of the Artisan Park Club Condominiums Project, located in Osceola County, Florida (the "Project").

2. Crum & Forster Specialty issued to The Dunn Corporation commercial general liability policy number GLO 091255 which incepted on July 1, 2006 and was cancelled on November 1, 2006 (CF 217-288).

3. On or around October 13, 2009, the Artisan Club Condominium Association (the "Association") filed a lawsuit against Core related to the allegedly defective construction of the Project styled, *Artisan Club Condominium Association, Inc. v. The St. Joe Company, et al.,* Circuit Court Osceola County, Florida, Case Number 09 CA 108040C (the "underlying action").

Case 6:14-cv-01789-GAP-KRS   Document 109   Filed 11/13/15   Page 5 of 10 PageID 1603

Case No. 6:14-cv-1789-GAP-KRS

4. On or around August 2, 2010, Crum & Forster Specialty advised Core that Crum & Forster Specialty was disclaiming coverage under the policy with respect to Core.

**10. A concise statement of applicable principles of law on which there is agreement.**

A cause of action for breach of contract has three elements: (1) a valid contract; (2) material breach; and (3) damages. *Sanderson v. Zurich Am. Ins. Co.,* No. 8:09-cv-1755-T-23AEP, 2009 WL 4899403, at * 2 (M.D. Fla. Dec. 11, 2009) (quoting *Friedman v. New York Life Ins. Co.,* 985 So. 2d 56, 58 (Fla. 4th DCA 2008)).

**11. A concise statement of those issues of fact which remain to be litigated (without incorporation by reference to prior pleadings and memoranda).**

1. The identity of the entity with whom Core entered into a subcontract with in connection with the Project.

2. Whether Crum & Forster Specialty breached its insurance contract by failing to defend Core in the underlying action. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated].

3. Whether Crum & Forster Specialty owes Core any damages relating to Core's defense in the underlying action. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated].

4. If damages are owed by Crum & Forster Specialty to Core relating to Core's defense in the underlying action, the amount of such damages, if any.

5. Whether the policy's $250,000 self-insured retention has been exhausted. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated].

6. Whether Core's claimed attorneys' fees and defense costs were incurred in connection with the defense of the underlying action or for non-payment issues associated with

the owner of the Project. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated. This purported defense was not timely raised by Crum & Forster as an affirmative defense and has thus been waived].

7. Whether Core's claimed attorneys' fees and defense costs were incurred prior to the date of any tender made by Core to Crum & Forster Specialty. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated].

8. Whether Core's claimed attorneys' fees and defense costs were incurred prior to the filing of the underlying action. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated. This purported defense was not timely raised by Crum & Forster as an affirmative defense and has thus been waived].

9. Whether any of Core's claimed attorneys' fees and defense costs were unreasonable, unnecessary, or associated with project remediation. [Note: Core objects and disagrees that this is an issue of fact which remains to be litigated].

**12. A concise statement of those issues of law which remain for determination by the Court (without incorporation by reference to prior pleadings and memoranda).**

1. Whether Core is entitled to additional insured coverage pursuant to the Subcontract and the Policy.

2. Whether the self-insured retention ("SIR") under the Policy is required to be paid by Core or The Dunn Corporation.

3. Whether Core is entitled to seek recovery of claimed attorneys' fees and defense costs incurred prior to the date of any tender made by Core to Crum & Forster Specialty. [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

4. Whether Core is entitled to seek recovery of claimed attorneys' fees and defense costs incurred prior to the date of the filing of the underlying action. [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

5. Whether Crum & Forster Specialty is entitled to a set-off from any amounts paid to Core by collateral sources, including but not limited to, Core's settlements with other insurers. [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

6. Whether Core may present evidence or argument at trial that it entered into a subcontract with The Dunn Corporation based on the deposition testimony of Core's Rule 30(b)(6) designee, John Wiseman, who testified that Dunn Lumber & Overhead Door Co. was the subcontractor, which is consistent with the allegations in Core's amended complaint which alleges that Dunn Lumber & Overhead Door Co. was the subcontractor. [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

7. Whether Core may present evidence or argument at trial that the policy's $250,000 self-insured retention ("SIR") was satisfied based on the testimony of Core's Rule 30(b)(6) designee, John Wiseman, who testified that he had no knowledge whether the SIR was satisfied. [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

8. Whether the subcontract required additional insured coverage to be provided to Core in connection with the project? [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

9. Whether Core is entitled to a defense in the underlying action under the policy? [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

10. Whether Dunn Lumber & Overhead Door Co. is a named insured under the policy? [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

11. Whether if Core did not satisfy the SIR at its own expense, Core is required to indemnify and hold harmless Crum & Forster Specialty for any amounts it may be required to pay Core in this case that are within the SIR? [Note: Core objects and disagrees that this is an issue of law which was raised in this case and/or remains to be determined].

**13. A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure.**

None at this time.

**14. A list of all motions or other matters which require action by the Court.**

1. Crum & Forster Specialty's Motion for Summary Judgment [D.E. 92];

2. Core's Motion for Summary Judgment [D.E. 95];

3. Crum & Forster Specialty's Motion for Leave to Amend Defendant's Motion for Final Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment [D.E. 105];

4. Motions in *Limine*, which remain to be filed;

5. Crum & Forster's Unopposed Motion for Enlargement of Time to Submit Jury Instructions and Verdict Form.

**15. Additional Documents attached:**

1. Joint Proposed Voir Dire, attached as Exhibit G.

Case No. 6:14-cv-1789-GAP-KRS

Respectfully submitted,

| | |
|---|---|
| VER PLOEG & LUMPKIN, P.A. | THORNTON, DAVIS & FEIN, P.A. |
| 100 S.E. Second Street, 30th Floor | 1221 Brickell Avenue, Suite 1600 |
| Miami, FL 33131 | Miami, FL 33131 |
| (305) 577-3996 | (305) 446-2646 |
| (305) 577 3558 *facsimile* | (305) 441-2374 *facsimile* |
| | |
| /s/ Stephen A. Marino, Jr. | /s/ Michael C. Gordon |
| **Stephen A. Marino, Jr.** | **Holly S. Harvey** |
| Florida Bar No. 79170 | Florida Bar No. 970190 |
| smarino@vpl-law.com | harvey@tdflaw.com |
| **Rochelle N. Wimbush** | **Michael C. Gordon** |
| Florida Bar No. 74200 | Florida Bar No. 149284 |
| rwimbush@vpl-law.com | gordon@tdflaw.com |
| *Counsel for Core Construction Services Southeast, Inc.* | *Counsel for Crum & Forster Specialty Ins. Co.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

Case No. 6:14-cv-1789-GAP-KRS

# SERVICE LIST
*Core Construction Services Southeast, Inc. v. Crum & Forster Specialty Ins. Co.*
**Case No. 6:14-cv-1789-GKS-DAB**
**United States District Court, Middle District of Florida**

| | |
|---|---|
| Stephen A. Marino, Jr., Esq. | Holly S. Harvey, Esq. |
| Rochelle N. Wimbush, Esq. | Michael C. Gordon, Esq. |
| Michal Meiler, Esq. | Thornton, Davis & Fein, P.A. |
| Ver Ploeg & Lumpkin, P.A. | 1221 Brickell Avenue, Suite 1600 |
| 100 S.E. Second Street, 30th Floor | Miami, FL 33131 |
| Miami, FL  33131 | 305-446-2646 |
| 305-577-3996 | 305-441-2374 *facsimile* |
| 305-577 3558 *facsimile* | harvey@tdflaw.com |
| smarino@vpl-law.com | gordon@tdflaw.com |
| rwimbush@vpl-law.com | *Counsel for Crum & Forster* |
| mmeiler@vpl-law.com | |
| *Counsel for Core Construction* | |